**AIRMARK, INC., Plaintiff-Appellant,**

v.

**ADVANCED SYSTEMS, INC., Defendant-Appellee.**

No. 83–1138

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Sept. 23, 1983.

Seay, Gwinn, Crawford & Womble, Steven E. Clark, Dallas, Tex., for plaintiff-appellant.

Gareth G. Morris, Corporate Cnsl, Advanced Systems, Arlington Heights, Ill., Haynes & Boone, George W. Bramblett, Jr., W. Pruitt Ashworth, Dallas, Tex., for defendant-appellee.

Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Airmark appeals from the district court's sua sponte grant of summary judgment in its diversity action against Advanced Systems for breach of contract. Agreeing with Airmark's contention that the entry of sum-

mary judgment was improper, we reverse and remand.

In July 1975 Airmark's predecessor in interest (Trion, Inc.) and Advanced Systems entered into a contract whereby Advanced Systems agreed to act as a nonexclusive selling agent. A clause of the contract provided:

> The term of this agreement shall be for three years from date hereof, renewable for one year terms at Agent's option, provided that Agent has paid Trion [Airmark's predecessor in interest] minimum royalties and commissions of $40,000 for the first 18 months of this agreement, and $40,000 for each subsequent 12 month period, but quarterly payments shall not be less than $5,000 per quarter beginning January 1, 1976, and payable on or before June 1, 1976.

Airmark reads this clause as imposing an absolute duty on Advanced Systems to make minimum royalty and commission payments of $40,000 per year. Advanced Systems reads the clause as obligating it to pay $40,000 a year only as a condition to renewal.

In April 1982 Airmark filed suit, claiming that it was owed $40,000 per year in minimum royalty payments dating back to six months after entry of the original agreement. Advanced Systems moved to dismiss, urging its interpretation of the clause upon the trial court. The court denied this motion as to the express contract claim, and *Airmark* moved for partial summary judgment on the question whether Advanced Systems was liable for the minimum royalty payments. The district court then became "convinced that its prior decision was in error," and on its own motion granted summary judgment in favor of *Advanced Systems,* concluding that the contract by its terms unambiguously made $40,000 per year only a condition to renewal, not an absolute entitlement. Airmark appeals.

The district court reasoned that under Texas law extrinsic evidence is inadmissible to interpret an unambiguous agreement. Because it read the contract as unambiguously making $40,000 per year only a *condition* to renewal, it declined to consider the other summary judgment evidence submitted by Airmark and entered summary judgment sua sponte for Advanced Systems. The district court, in other words, found that the terms of the contract itself were the only "material facts" it could consider.

Given recent Texas cases we cannot agree that the focus must be limited to the terms of the agreement. Some jurisdictions have adhered to the view that extrinsic evidence is inadmissible to interpret a contract unambiguous on its face, *see Paragon Resources, Inc. v. National Fuel Gas Distribution Corp.,* 695 F.2d 991, 995 (5th Cir.1983) (and cases cited), but Texas appears recently to have abandoned this approach in part. In *Sun Oil Co. v. Madeley,* 626 S.W.2d 726, 731 (Tex.1981), the Texas Supreme Court indicated that "[e]vidence of surrounding circumstances may be consulted" in determining whether a writing is unambiguous. "If, in the light of surrounding circumstances, the language of the contract appears to be capable of only a single meaning, the court can then confine itself to the writing." *Id.* See also *Aetna Life & Casualty Co. v. Gunn,* 628 S.W.2d 758, 760 (Tex.1982). *But see Fritz v. Tejas Gas Corp.,* 644 S.W.2d 786, 789 (Tex.Civ.App.—Corpus Christi 1982, writ ref. n.r.e.). The district court therefore should not have granted summary judgment in favor of Advanced Systems without considering the extrinsic evidence proffered by Airmark. For this reason, we must reverse the grant of summary judgment and remand.[1]

REVERSED and REMANDED.

---

1. Airmark also urges us to hold that the contract in light of surrounding circumstances is *unambiguous* in its favor and that it therefore should have been granted partial summary judgment. Although ambiguity is a question of law, *see Startex Drilling Co. v. Sohio Petroleum Co.,* 680 F.2d 412, 415 (5th Cir.1982) (applying Texas law), we believe that a remand is appropriate so that the district court may have the first chance to address these ambiguity issues with the benefit of the extrinsic evidence adduced by the parties.